## COMMONWEALTH *versus* ANN ROBBINS.

Upon the trial of an indictment against a married woman for larceny, evidence that
her husband deposited a sum of money to procure the absence of a witness on the
part of the government is inadmissible, unless it is shown that she was privy to the
transaction.

THE defendant having been convicted before the Munici-
pal Court, upon an indictment for larceny from the person, ap-
pealed to this Court.   Upon her trial here evidence was ad-
mitted, after objection by her counsel, that her husband de-
posited a sum of money for the use of the person whose pro
perty she had stolen, to be paid over to him in case he should
not appear at the Municipal Court to testify against her, and
that this sum was afterwards paid over to him, he not having
appeared according to his recognizance.   There was no evi-
dence that the defendant was privy to the attempt by her hus-
band to compound the prosecution, but as the larceny by some
one was clearly proved, and as the circumstantial evidence was
strong against the defendant, the jury were instructed that they
might infer her privity and consent to this act of her husband.

The jury found a verdict against the defendant, and if the
evidence above mentioned was improperly admitted, a new trial
was to be granted.

The case was shortly spoken to by *Morton*, Attorney Gen-      *July 9th.*
eral, for the commonwealth, and *A. Moore* for the defendant.

PARKER C. J. said the Court had come to the determina-        *July 12th.*
tion, that the evidence of acts done by the defendant's husband
without her knowledge, was improperly admitted, and that a new
trial must be granted.

---

[1] 1 Powell on Mortg. (Rand's edit.) 262 *a*, note; 2 id. 499 *a ;* Revised Stat.
r. 107, § 3, 4, 5, 6.